**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 0 8 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT STOFER**                                                                **PLAINTIFF**

vs.                                 No. 4:20-cv-*27- KGB*

**JAMES GREENE & ASSOCIATES, INC.,**                          **DEFENDANT**
**and JEFFREY BRANTLY** This case assigned to District Judge *Baker*

and to Magistrate Judge _*Ray*_

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Robert Stofer ("Plaintiff"), by and through his

attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for

his Original Complaint against Defendants James Greene & Associates, Inc., and

Jeffrey Brantly (collectively "Defendant" or "Defendants"), he does hereby state

and allege as follows:

### I.      JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29

U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code

Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary

damages, liquidated damages, prejudgment interest, and costs, including

reasonable attorneys' fees as a result of Defendant's failure to pay overtime

compensation for all hours that Plaintiff worked in excess of forty (40) per week.

2.      Upon information and belief, for at least three (3) years prior to the

filing of this Complaint, Defendant has willfully and intentionally committed

violations of the FLSA and AMWA as described *infra*.

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein alleged. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

5.     Defendant conducts business within the State of Arkansas, operating an insurance company.

6.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.     Plaintiff was employed by Defendant at its office in Sherwood. Therefore, the acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.    THE PARTIES

8.     Plaintiff is a resident and citizen of Saline County.

9.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

10.    Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

11.    Separate Defendant James Green & Associates, Inc. ("JG&A"), is a domestic, for-profit corporation.

12.    JG&A's registered agent for service of process is Jeffrey L. Brantly, located at 275 West Kiehl, Sherwood, Arkansas 72120.

13.    Separate Defendant Jeffrey Brantly ("Brantly") is an individual and resident and domiciliary of Arkansas.

14.    Brantly is the owner, principal, officer and/or director of JG&A.

15.    Brantly manages and controls the day-to-day operations of JG&A, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

16.    Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

17.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18.    Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

### III.    FACTUAL ALLEGATIONS

19.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

20.    Defendant owns and operates an insurance company in Sherwood.

21.     Defendant's company specializes in insuring churches and related ministries and non-profits.

22.     At all times relevant to the allegations in this Complaint, Plaintiff was a salaried employee at Defendant's office in Sherwood.

23.     Plaintiff was employed by Defendant from 2016 until October of 2019.

24.     Plaintiff's duties included coaching and training territory managers.

25.     Plaintiff did not have authority to hire or fire other employees.

26.     Plaintiff did not exercise independent judgment in carrying out his duties.

27.     Plaintiff worked over forty hours per week on a regular, typical basis while working for Defendant.

28.     Defendant classified Plaintiff as a salaried employee and exempt from the overtime requirements of the FLSA and the AMWA and did not pay him an overtime premium for the hours he worked in excess of forty (40) in a week.

## IV.     FIRST CAUSE OF ACTION—FLSA

29.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

30.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

31.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

32.     At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

33.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

34.     Defendant intentionally misclassified Plaintiff as exempt from the overtime requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

35.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked over forty (40) in each one-week period.

36.     Defendant's failure to pay Plaintiff all overtime wages owed was willful.

37.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## V.     SECOND CAUSE OF ACTION—AMWA

38.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

40.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

41.     Sections 210 and 211 require employers to pay all employees a minimum wage for all hours up to 40 in a week and then 1.5 times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

42.     Defendant intentionally misclassified Plaintiff as exempt from the overtime requirements of the AMWA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

43.     Despite the entitlement of Plaintiff overtime payments under the AMWA, Defendant failed to pay Plaintiff a rate of 1.5 times his regular rate of pay for all hours worked over forty (40) in each one-week period.

44.     Defendant willfully failed to pay overtime wages to Plaintiff.

45.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Robert Stofer prays that each Defendant be summoned to appear and answer herein and for judgment against Defendants as follows:

A.      Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.      Judgment for damages suffered by Plaintiff for all unpaid overtime compensation under the FLSA and its related regulations;

C.      Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D.      Judgment for damages suffered by Plaintiff for all unpaid overtime compensation under the AMWA and its related regulations;

E.      Judgment for liquidated damages owed to Plaintiff pursuant to the AMWA and its related regulations;

F.      An order directing Defendants to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

G.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ROBERT STOFER, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

April Rhéaume
Ark. Bar No.2015208
april@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com