IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROBERT STOFER                                                                                      PLAINTIFF

v.                                         Case No. 4:20-cv-027-KGB

JAMES GREENE & ASSOCIATES, INC.;                                                DEFENDANTS
And JEFFREY BRANTLY

## ORDER

Before the Court are the parties' joint motion for an extension of time to file response and the parties' joint motion for protective order (Dkt. Nos. 25; 26). For good cause shown, the Court grants both motions (Dkt. Nos. 25; 26).

### I.      Joint Motion For Extension Of Time

The parties have jointly moved requesting that the Court: (1) extend plaintiff Robert Stofer's deadline to supplement his arguments and authorities under the Court's September 29, 2020, Conversion Order up to and including December 4, 2020 (Dkt. Nos. 23; 25, ¶5(a)); (2) continue indefinitely all unexpired deadlines established under the Final Scheduling Order until the Court issues an Order on defendants James Greene & Associates, Inc. ("JGA") and Jeffrey Brantly's now-converted motion for summary judgment (Dkt. Nos. 6; 22; 25, ¶5(b)); and (3) continue JGA and Mr. Brantly's time to file an answer until 14 days after the issuance of the Court's Order on the pending motion for summary judgment (Dkt. Nos. 6; 25, ¶5(c)).

For good cause shown, the Court grants the joint motion for extension of time to file response (Dkt. No. 25). Mr. Stofer may supplement his arguments and authorities up to and including December 14, 2020. The Court continues indefinitely all unexpired deadlines and will enter an Amended Final Scheduling Order, if necessary, after ruling on the pending motion for

summary judgment (Dkt. No. 6).  Further, JGA and Mr. Brantly may file their answer 14 days after the issuance of the Court's Order on the pending motion for summary judgment.

    **II.**    **Joint Motion For Protective Order**

On October 26, 2020, the Court reviewed the Joint Motion for Protective Order and makes the following Orders:

1. Confidential Information, as defined in this Order, and obtained by plaintiff from defendants in this action or obtained from plaintiff by defendants, or obtained by or on behalf of any third party, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except Qualified Persons, as herein defined.

2. Confidential Information means:

    a. Salary or other pay information, time records, personnel records, medical records, training materials, corporate policies or records not available to the general public, trade secrets, and other information the confidentiality or privacy of which is protected by statute or other law.

    b. Notwithstanding the foregoing, Confidential Information shall not include information that is publicly known or publicly available prior to being disclosed, furnished, or submitted in this litigation.  Counsel shall not use the confidentiality designation except where counsel has a good faith belief that the documentation/information meets the criteria of this paragraph 2 and is consistent with the intent of this Order.  For example, and without limitation, counsel shall not use the confidential designation for tactical purposes, or

      otherwise to gain advantage in this litigation, or to conceal or encumber non sensitive information.

3. Except with the prior written consent of defendants or plaintiff, or pursuant to further Orders of this Court on motion with notice to counsel for defendants or plaintiff, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include plaintiff, defendants, any current or future counsel of record for defendants or plaintiff in this action, and secretaries, paraprofessional assistants, experts, and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action.

4. If and to the extent any party believes that any Confidential Information has been improperly designated as Confidential Information and wishes to disclose such information outside the terms of this Agreed Protective Order, then the party shall: (1) first, promptly meet and confer with the designating party to resolve the issue; and then, if the meet and confer is unsuccessful, (2) provide all parties to this Order with at least ten (10) days calendar notice of its intent to so disclose the information. If the parties disagree on the anticipated disclosure, the party who claims confidentiality shall have the burden to move the Court for a determination of the issues prior to the expiration of the ten (10) calendar days' notice period. Confidential Information so designated shall remain confidential until after the Court has ruled on these issues, unless the parties agree in writing that confidentiality may be removed.

5. This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. At the conclusion of this action, including all appeals:

   a. Upon request by a party, the other parties (or their counsel, if any) shall take all reasonable steps necessary to reclaim all Confidential Information, including correspondence, memoranda, notes, or any other documents embodying such information, in whole or in part.

   b. All Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding.

6. If redaction is impractical, then Confidential Information as may be required to be filed with the Court and with the Clerk of this Court shall be filed under seal. Only the Court, Court personnel, plaintiff, defendants, and their counsel, if any, shall have access to the sealed record in this proceeding until further Order of this Court.

It is so ordered this 26th day of October, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge